# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREBAS, | **Case No. 1:15-cv-01737-JLT (PC)** |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)** |
| v. | |
| DeBRUIN, et al., | **(Doc. 1)** |
| Defendants. | **30-DAY DEADLINE** |

Plaintiff, Daniel Trebas, a civil detainee complains that while he was held in the Fresno County Jail during recommitment proceedings (for approximately 20 months) he was not provided access to "mental health treatment programs needed for plaintiff to avoid additional prolonged involuntary civil commitment; thereby subjecting plaintiff to loss of enjoyment of life, liberty and property without equal protection under the due process clauses of the state and federal constitutions." (Doc. 1, p. 7.) Plaintiff clearly challenges the basis of the forensic reports upon which his recommitment was based which indicate that he had not successfully completed the requisite treatment, alleging that his lack of access to medical treatment in the Fresno County Jail prevented him from doing so.

When one challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir.

1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional confinement, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.

The complaint does not contain any allegations to show that Plaintiff's recommitment has been reversed, expunged, declared invalid, or called into question by a writ of *habeas corpus*.

Accordingly, **within 30 days** from the date of service of this order  the Court **ORDERS** Plaintiff to show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  **The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **March 2, 2016**                             /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE